**Edgar HILL, on behalf of himself and all others similarly situated, Appellant,**

**v.**

**Ralph CANTRELL, in his official capacity as Commissioner of the Virginia Employment Commission, Raymond Donovan, Secretary of Labor, Appellees.**

No. 85–1088.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1985.

Decided Aug. 8, 1985.

Rehearing and Rehearing En Banc Denied Sept. 5, 1985.

Hugh F. O'Donnell, St. Paul, Va. (Client Centered Legal Services of Southwest Virginia, Inc. on brief), for appellant.

J. Steven Sheppard, III, Asst. Atty. Gen., William H. Walker, Richmond, Va. (Francis X. Lilly, Sol. of Labor, William H. DuRoss, III, Associate Sol., Harry L. Sheinfeld, Counsel for Litigation, Washington, D.C., Gerald L. Baliles, Atty. Gen., J. Steven Sheppard, III, Asst. Atty. Gen., Richmond, Va., on brief) for appellee.

Before HALL and SPROUSE, Circuit Judges, and GORDON, United States District Judge for the Middle District of North Carolina, sitting by designation.

SPROUSE, Circuit Judge:

Edgar Hill was honorably discharged from the United States Army in September 1982 and applied for Unemployment Compensation for Ex-Servicemembers (UCX) pursuant to 5 U.S.C. §§ 8521–8525 (1982). After exhausting the maximum thirteen-week entitlement to UCX benefits, 5 U.S.C. § 8521(c)(2) (1982), Hill applied for additional unemployment benefits under the Federal Supplemental Compensation (FSC) Act of 1982, 26 U.S.C. § 3304 note (1982),[1] and the Virginia Employment Commission denied his claim. Hill then filed this action against Ralph Cantrell, Commissioner of the Virginia Employment Commission, and Raymond Donovan, Secretary of Labor of the United States, seeking declaratory relief, back benefits, and certification of a class of similarly affected ex-servicemembers. The district court with the consent of the parties assigned the case to a U.S. Magistrate pursuant to 28 U.S.C. § 636(c)(2) (1982). The Magistrate denied Hill's motion for class certification and entered summary judgment for both defendants finding, among other things, that Hill had exhausted his UCX benefits and was foreclosed from receiving FSC compensation by operation of 5 U.S.C. § 8521(c)(2) (1982). The Magistrate concluded that section 8521(c)(2) preempted provisions of Virginia law under which Hill would have been eligible for FSC benefits.

On appeal, Hill contends that the Commission's denial of FSC benefits violated federal and state law; that the federal provision limiting UCX recipients to thirteen weeks of compensation is not inconsistent with provisions of Virginia law permitting further compensation, *e.g.*, FSC benefits; and that the Government's policy of treating exhaustees of UCX benefits differently from exhaustees of other compensation violates equal protection. Hill also appeals the district court's denial of his motion for class certification.[2] We affirm.

Both the UCX and the FSC programs are federal unemployment compensation plans administered by the Commission pursuant to agreements with the Department of Labor under the statutory schemes of 5 U.S.C. §§ 8521–8525 (1982) (UCX) and 26 U.S.C. § 3304 note (1982) (FSC). The FSC program was designed to alleviate the hardships resulting from nationwide high unemployment. Specifically, the FSC Act of 1982 required participating States to pay FSC benefits to any individual who, among other things, had "exhausted all right to regular compensation under the State law." 26 U.S.C. § 3304 note § 602(b)(1) (1982).[3]

At first blush it appears under the FSC Act of 1982 and Virginia law that ex-servicemembers like Hill who have exhausted their UCX benefits are entitled to receive

---

1. The FSC Act of 1982 expired March 31, 1983, but was extended by the FSC Act of 1983, 97 Stat. 857 (1983), which in turn expired March 31, 1985. Congress has proposed further extension of the Act. *See* H.R. 1278, 99th Cong., 1st Sess. (1985) and S. 509, 99th Cong., 1st Sess. (1985).

2. Secretary Donovan contends that, properly construed, section 602(d)(2) of the FSC Act of 1982, 26 U.S.C. § 3304 note (1982), deprives federal courts of subject matter jurisdiction. For reasons adequately stated by the Magistrate, we conclude that by enacting section 602(d)(2) Congress did not intend to supercede federal question jurisdiction under 28 U.S.C. § 1331 (1982) and, therefore, that this case is properly before us.

3. Section 602(b)(1) of the FSC Act of 1982 provides in full:

Any such agreement shall provide that the State agency of the State will make payments of Federal supplemental compensation—
(1) to individuals who—
(A) have exhausted all rights to regular compensation under the State law;
(B) have no rights to compensation (including both regular compensation and extended compensation) with respect to a week under such law or any other State unemployment compensation law or to compensation under any other Federal law (and is not paid or entitled to be paid any additional compensation under any such State or Federal law); and
(C) are not receiving compensation with respect to such week under the unemployment compensation law of Canada;

26 U.S.C. § 3304 note § 602(b)(1) (1982).

FSC benefits. The FSC Act provides that the payment of FSC benefits shall be governed by the terms and conditions of state law which apply to claims for extended compensation. 26 U.S.C. § 3304 note § 602(d)(2) (1982).[4] Virginia Code § 60.1–51.2.C(1) (1982) permits an applicant to receive extended compensation if he is, among other things, an exhaustee as that term is defined in Va.Code § 60.1–51.2.A(6) (1982), which provides in pertinent part:

> *"Exhaustee"* means an individual who, with respect to any week of unemployment in his eligibility period:

> Has received, prior to such week, all of the regular benefits that were available to him under this act or any other state law (including dependents' allowances and benefits payable to federal civilian employees and ex-servicemen under 5 U.S.C. Chapter 85) in his current benefit year that includes such week....

Under Virginia's definition of exhaustee, read without reference to federal law, ex-servicemembers such as Hill who have received their maximum UCX benefits would be eligible for extended compensation and, therefore, for FSC benefits.

The federal statute governing the UCX program, however, contains the following provision important to the resolution of Hill's claim:

> The aggregate amount of compensation payable on the basis of Federal service (as defined in subsection (a)) to any individual with respect to any benefit year shall not exceed 13 times the individual's weekly benefit amount for total unemployment.

5 U.S.C. § 8521(c)(2) (1982). As Hill received thirteen weeks of UCX benefits based on his federal service, section 8521(c)(2) would prohibit him from receiving any further compensation.

Hill contends that there is no necessary inconsistency between the UCX statutory restriction and the Virginia FSC eligibility rules, suggesting a harmonious interpretation of the two. He urges us to interpret section 8521(c)(2) to limit receipt only of UCX benefits and not all unemployment compensation. Under such an interpretation, ex-servicemembers, after exhausting the thirteen weeks of UCX benefits allowed under section 8521(c)(2), would be permitted FSC benefits.

The statutory language and the history of the UCX program, however, undercut Hill's position that the thirteen week limitation should apply only to UCX benefits and not to compensation in general. Section 8521(c)(2) limits "compensation" for ex-servicemembers to thirteen weeks. By contrast, the preceding subpart of the same subsection provides that "[a]n individual shall not be entitled to *compensation under this subchapter* [Unemployment compensation for ex-servicemembers] for any week before the fifth week ..." 5 U.S.C. § 8521(c)(1) (1982). That Congress expressly restricted section 8521(c)(1) to "compensation under this subchapter" and used the more expansive term "compensation" in the next subpart, section 8521(c)(2), indicates that Congress intended to limit all forms of compensation to ex-servicemembers, not just UCX benefits.

That interpretation of section 8521(c)(2) is consistent with the history of UCX benefits. At one time UCX benefits were not available to ex-servicemembers who voluntarily left the service. 95 Stat. 876 (1981) (amended by 96 Stat. 1732 (1982)). Congress later liberalized the UCX eligibility rules so that some ex-servicemembers who leave the service are eligible for unemployment compensation. 5 U.S.C. § 8521(a)(1) (1982). At the same time, Congress added 5 U.S.C. § 8521(c)(2) (1982), limiting com-

---

**4.** Section 602(d)(2) of the FSC Act of 1982 provides in part:

> (d) For purposes of any agreement under this subtitle—
> 
> ....
> 
> (2) the terms and conditions of the state law which apply to claims for extended compensation and to the payment thereof shall apply to claims for Federal supplemental compensation in the payment thereof; except where inconsistent with the provisions of this subtitle or with the regulations of the Secretary promulgated to carry out this subtitle.
> 
> 26 U.S.C. § 3304 note § 602(d)(2) (1982).

pensation to ex-servicemembers to thirteen weeks. Subsections 8521(a)(1) and 8521(c)(2) together indicate that while Congress intended to confer some unemployment benefits upon ex-servicemembers who voluntarily leave the service, it did not intend to confer the full panoply of compensation benefits. Under this interpretation, 5 U.S.C. § 8521(c)(2) and Va.Code § 60.1–51.2 are inconsistent.

We agree with the Magistrate, who in his well-considered memorandum opinion found that the federal thirteen-week limitation of compensation to ex-servicemembers preempts the Virginia provisions permitting FSC benefits to UCX exhaustees. We also agree with the Magistrate that there is no merit to Hill's other contentions. In view of this, it is not necessary to consider Commissioner Cantrell's argument that Hill does not have a private right of action against him and that the eleventh amendment bars this suit. The decision of the Magistrate is therefore

AFFIRMED.